MoKmNEY, J.,
delivered the opinion of 'the court.
This is an action of debt, founded upon an instrument purporting to be a bill-single executed by the defendant to the plaintiffs. The defendant filed two pleas of non est facimn, the first a general, and the second a special plea. The latter plea admits the signing and delivery of the instrument as a promissory note, but alleges that the same was afterwards altered, without his knowlodge, consent, or authority, by affixing a seal to his signature; issues were joined on these pleas.
No evidence on the latter issue being adduced on either side, the question arose, on the trial, upon which party the burden of proof rested; and on this question the judge instructed the jury, that the j>roof of the issue was upon the plaintiffs; “that to maintain their action they must show, that the seal or scroll was attached to the bond at the time it was executed by the defendant; or has since been placed there by him, or by his authority; or has been recognized or adopted by him.”
*631 The jury found for the defendant, and the plaintiffs have prosecuted an appeal in error to this court.
The instruction, we think, is erroneous. It is well settled, that where the plea is non est factrwm generally, the proof lies upon the plaintiff; but, on the other hand, where the plea alleges that the deed is void for some-special matter, the proof is on the defendant. And this distinction rests upon the principle, that the obligation of proving the fact in issue lies upon the party who substantially asserts the affirmative. Here, the defendant in his plea affirmatively avers the alteration of the instrument, and therefore, he must prove it; 2 Starkie’s Ev., 482, (3 Am. Ed.;) Com. Dig., Pleader, 2 W., 18.
This case does not fall within the rule, that where the alteration appears on the face of the instrument, as an erasure, interlineation, or the like, the law imposes upon the party who claims under the instrument the burden of explaining such alteration. There is nothing upon the face of this instrument, so far as appears from the record before us, indicating any alteration, or casting any suspicion upon it; and therefore, aside from the special averment of the plea, no explanation is necessary; 1 Greenl. on Ev., § 564; 1 Howard’s U. S. Rep., 104.
The instruction of the court upon the plea of the statute of limitations need not be noticed, because if either plea of non est faeticm should be found for the defendant, the instrument being thereby avoided, the action must fail; and should the finding be against him on these pleas, the plea of the statute of limitations would constitute no ground of defense to the action; so that, in any aspect of the case, this plea is irrelevant and improper.
*632 The judgment of the circuit court will be reversed, and the case be remanded for a new trial.